IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:13-CR-13-JCB |
| vs. | § | |
| | § | |
| | § | |
| LEOVARDO RODRIGUEZ (1) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 17, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class A felony, Defendant Leovardo Rodriguez was sentenced on October 28, 2013 by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months. Defendant was sentenced to 72 months of imprisonment to be followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include immigration restrictions, a $12,500 fine, financial disclosure, credit restrictions, gambling prohibition, and a $100 special assessment. On May 7, 2015, the term of imprisonment was reduced to 57 months pursuant to 18 U.S.C. § 3582(c)(2).

1

Defendant completed his term of imprisonment and started his term of supervised release on April 14, 2017.  The case was re-assigned to United States District Judge J. Campbell Barker on July 24, 2020.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on July 27, 2020, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**  It is alleged that the Gregg County Sheriff's Office made contact with Defendant on June 29, 2020 in reference to a complaint of Burglary of a Vehicle.  Defendant was not arrested but he failed to report the contact.

2. **Allegation 2 (special condition)**: **As a condition of supervised release, immediately upon release from confinement, you shall be surrendered to a duty authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, the defendant shall remain outside of the United States.  In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country**.  It is alleged that Defendant failed to remain outside the United States and has not reported to the nearest U.S. Probation Office upon his reentry.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the

maximum imprisonment sentence that may be imposed is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

### *Hearing*

On September 17, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 6 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation for designation at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

be revoked and that he should be sentenced to 6 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 6 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 6 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 17th day of September, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE